**UNITED STATES of America**

v.

**Danny Lee FULTZ.**

**No. Cr. 3–79–37.**

United States District Court, E. D. Tennessee, N. D.

Oct. 3, 1979.

John H. Cary, U. S. Atty., Knoxville, Tenn., for plaintiff.

W. Gary Blackburn, Nashville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Defendant is charged with possession of a firearm which was not registered to him in the National Firearm and Transfer Record as required by Chapter 53, Title 26, United States Code, 26 U.S.C. § 5861(d). The firearm, a sawed-off shotgun, was found in the defendant's truck during a warrantless search by officers at night.

Defendant has filed a written motion to suppress the evidence obtained by reason of the search. The parties have agreed that the outcome of this motion will determine the final disposition of the case.

Two issues are presented by the motion: First, did the defendant voluntarily consent to the search? And secondly, was there, in any event, probable cause for the warrantless search?

There is conflicting testimony on the first issue. Defendant, with his witnesses, testified that coercion was used on the part of the officers, and argues that by reason of this coercion his consent cannot be said to have been voluntarily given. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

The defendant says that as one of the officers came on the scene, he announced, "If you don't agree to the search, I will stay here all night and pry the doors of the cars open in order to find what is in them." The defendant has offered further evidence to the effect that the officers used ugly language in threatening the accused if he refused to allow the officers to make the search. There was also testimony that the officers had their weapons drawn when they made this announcement.

The officers deny that such language was used by any of them, and also that their weapons were drawn. The Government has offered competent testimony that the defendant expressly consented to a search of his vehicle in response to requests free from coercion.

When a defense of this kind is raised by one who has been searched, the burden is placed on the Government to show that the consent was voluntary. *Schneckloth v. Bustamonte, supra.*

There is a question in the mind of the Court, based on the evidence in this case, as to whether or not the defendant unqualifiedly consented to the search. The law is strict on the question of whether a person who is searched, without a warrant, *voluntarily* consented to the search. *Schneckloth v. Bustamonte, supra; Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *U. S. v. Mayes,* 6 Cir., 552 F.2d 729 (1977). In order for the consent to be valid, it must be made without coercion or restraint of any kind. *Schneckloth, supra; Bumper, supra.*

If the Court believes the testimony of the officers, then the search must be found to have been a legal one, because the defendant consented to it. If, on the other hand, the Court believes the testimony of the defendant and his witnesses, then the consent was not voluntary and the motion to suppress must be granted and the case dismissed.

The Court finds that the Government has failed to sustain its burden of showing that defendant voluntarily consented to the search. Accordingly, the warrantless search cannot be justified on the ground that defendant consented to it.

■ That brings us to the second issue: that is, whether there was probable cause to search the vehicle. The Court recognizes that probable cause by itself is not sufficient to justify a warrantless search. Rather, there must be exigent circumstances which excuse the normal requirement that the determination of the existence of proba-

ble cause be made by "a neutral and detached magistrate." *Johnson v. United States,* 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948); *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1948). Ordinarily, it is improper for the one making the search to act as an officer and as a judge at the same time. *Johnson v. United States, supra; Mancusi v. De Forte,* 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968).

■ One such exigent circumstance that has been repeatedly recognized is the search of an automobile. *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1924); *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The explanation of the officers for their failure to obtain a search warrant was that the nearest officer in Claiborne County authorized to issue warrants lived approximately 10 to 13 miles from the spot where the search was made. It was late at night and shots had evidently been fired from an undetermined source. Finally, under the circumstances it was reasonable to believe that the congregation of union members was potentially volatile. We hold that the exigencies of the situation justified a warrantless search if there was probable cause.

■ Probable cause for a warrantless search of an automobile has traditionally been defined as "a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile . . . contains that which by law is subject to seizure. . . ." *Carroll v. United States, supra,* 267 U.S. at 149, 45 S.Ct. at 284. Undoubtedly, there had been a crime committed on the occasion immediately prior to the search. The officers had observed what they reasonably believed to have been gun shots in the area where the defendant was. The officers testified that the shots had come from the direction of a spot where a bus was parked along with four or five other vehicles, including that belonging to the defendant.[1] Finally, it was late at night and dark.

---

1. It should be noted that defendant himself is not a member of the union, but was there with his wife who is. He testified that there was reason to fear for the strikers' safety.

The Court's conclusion, based on the evidence presented at the hearing, is that under the circumstances known to the searching officers, it was reasonable for them to believe that defendant's automobile contained a firearm. There was therefore probable cause for the search. Accordingly, the motion to suppress must be denied.

As previously mentioned, defendant and his counsel have agreed that resolution of this motion will be dispositive of the merits of this case. Therefore, the Court must find the defendant guilty as charged.

Order Accordingly.

